UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>    Plaintiff, )<br>  )<br>    v. )<br>  )<br>SCIENCE APPLICATIONS )<br>INTERNATIONAL CORPORATION, )<br>  )<br>    Defendant. )<br>  ) | Civil Action No. 04-1543 (RWR) |

JUDGMENT

A jury found defendant Science Applications International Corporation ("SAIC") liable for False Claims Act ("FCA") violations and for breach of contract and awarded damages. The FCA, 31 U.S.C. § 3729(a), requires that the FCA damages be trebled and that civil penalties for each of the 77 false claims and statements found here be assessed. SAIC argues that trebling the $1,973,839.61 in FCA damages and imposing the maximum $770,000 in civil penalties sought by the government would violate the Eighth Amendment's prohibition on excessive fines. The parties differ regarding whether the excessive fine clause protects corporations and applies to FCA damages and penalties. Assuming that SAIC may invoke the Eighth Amendment's protection, the question presumably would be whether the judgment sought is grossly disproportionate to the gravity of SAIC's misconduct.

SAIC's failure to disclose its potential conflicts of interest led to SAIC earning millions in income under a federal contract which SAIC might not otherwise have been eligible to be awarded.  While there was evidence that SAIC's system for checking for conflicts of interest was unintentionally inadequate, there was also evidence that SAIC employees knew of information not disclosed to the Nuclear Regulatory Commission ("NRC") and intentionally hid information from the NRC that would have suggested the appearance of a conflict of interest.  The nondisclosures thereafter were numerous and spanned years.  Moreover, the integrity of the NRC's rulemaking process involving a public safety responsibility suffered with the late discovery of the potential conflicts.  These factors weigh against viewing SAIC's violations as having minimal gravity or the judgment sought by the government -- one that is less than four times actual damages -- as being excessive.  This FCA case does not involve, though, the corruption of billing for no work done.  Indeed, it does involve an actual product, and one that was more protective of the public safety than were comparable products.  Those factors weigh against imposing the maximum civil penalties.  Accordingly, it is hereby

ORDERED that JUDGMENT be, and hereby is, ENTERED in favor of the plaintiff against the defendant in the amount of $5,921,518.83 in damages for the FCA claims, $577,500 in civil

-3-

penalties for the FCA claims, and $78 in damages for the contract claim, for a total of $6,499,096.83. It is further

ORDERED that this judgment shall accrue interest from the date of entry at the legal rate under 28 U.S.C. § 1961(a), and shall be computed daily and compounded annually until paid in full. It is further

ORDERED that JUDGMENT be, and hereby is, ENTERED in favor of the plaintiff against the defendant for plaintiff's costs incurred in this action.

This is a final, appealable order.

SIGNED this 7th day of October, 2008.

/s/
_____
RICHARD W. ROBERTS
United States District Judge