UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>SCIENCE APPLICATIONS<br>INTERNATIONAL CORPORATION,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 04-cv-1543 (RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SAIC'S MOTION FOR TARGETED DISCOVERY ON DAMAGES

Science Applications International Corporation ("SAIC") moves this Court pursuant to Federal Rules of Civil Procedure 26(b)(1) and 16(b)(4) to authorize discovery for the limited purpose of allowing SAIC to develop the record evidence of value the Nuclear Regulatory Commission ("NRC") has received from SAIC's work under the 1992 and 1999 contracts. Specifically, SAIC requests 120 days to depose a witness pursuant to Federal Rule of Civil Procedure 30(b)(6) on the NRC's use of SAIC's work product; to conduct three half-day depositions of new fact witnesses regarding damages; and to seek from the government responses to specific and particularized document requests and a single interrogatory relating to damages.

As described more fully in the attached memorandum of points and authorities, there is good cause for the Court to authorize discovery for these limited purposes.  Reviewing this Court's decision in the original trial, the D.C. Circuit held, in relevant part, that the government bears the burden of proving damages limited to "the amount the government actually paid minus the value of the goods or serves the government received or used." *United States v. SAIC*, 626

F.3d 1257, 1279 (D.C. Cir. 2010). The D.C. Circuit also held that SAIC must be given the opportunity to counter the government's evidence regarding damages, including by introducing evidence that the NRC "continued to use SAIC's work product after the potential conflicts were identified and the 1999 contract was terminated." *Id*. at 1280.

The current record does not reflect the value the NRC has derived through its use of SAIC's work product, most notably in the years since discovery closed in 2006. Without this additional discovery, SAIC will be severely prejudiced in presenting the defense regarding the NRC's continued use of SAIC's work product. SAIC seeks to conduct one deposition of an NRC witness designated under Rule 30(b)(6) and three half-day depositions of new fact witnesses, and to receive from the government responses to limited and specific document requests and a single interrogatory. This very limited, targeted discovery will allow SAIC to discover evidence that undoubtedly will be critical to its defense at trial and enable the jury to make a more accurate calculation of damages (if any). Moreover, such limited discovery will not delay the re-trial, nor will it prejudice the government.

Accordingly, SAIC requests that the Court allow SAIC to depose one Rule 30(b)(6) witness and three new fact witnesses regarding damages and to seek responses from the government to SAIC's interrogatory and discovery requests relating to damages (as specifically identified in the accompanying Memorandum). SAIC also requests that the Court enter a scheduling order allowing 120 days for fact discovery followed by 60 days of expert discovery. A proposed order is enclosed.

DATED:  September 13, 2013

                                                    Respectfully submitted,

/s/ Andrew S. Tulumello
Andrew S. Tulumello (D.C. Bar No. 468351)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
E-mail: atulumello@gibsondunn.com
*Counsel for SAIC*

Of Counsel:

Lawrence E. Ruggiero
Deputy General Counsel
Science Applications International Corporation
1710 SAIC Drive, MS 3-5-0
McLean, Virginia 22101